STATE OF ARKANSAS v. JIM BRUTON

STATE OF ARKANSAS v. JIM BRUTON, E. L. FLETCHER AND JESS WILSON

5-5372 and 5-5373                    437 S.W. 2d 795

Opinion Delivered March 3, 1969

*Joe Purcell*, Atty. Gen. and *Don Langston*, Asst. Atty. Gen. for appellant.

*Reinberger, Eilbott, Smith & Staten* for appellees (Bruton & Wilson); *Douglas Bradley & Hartman Hatz* for appellee (Fletcher).

JOHN C. DEACON, Special Chief Justice. Appellees, employees of the Arkansas penitentiary, were charged by information in two cases with administering excessive punishment to prisoners in October 1964 and January 1965 in violation of Arkansas Statutes 46-158. The appellees filed a demurrer and motion to dismiss, alleging that the statute was void because of an unconstitutional delegation of legislative power. The trial court agreed and dismissed the cases and the state brings these appeals.

The issue in these cases is simply whether appellees were charged with a crime under a valid Arkansas penal statute. We are not asked to consider whether the use of the strap in the penitentiaries of Arkansas is cruel or unusual punishment prohibited by Article 2, Section 9 of the Arkansas Constitution. This point was recently before the Eighth Circuit in *Jackson* v. *Bishop,* 404 F. 2d 571 (1968), which held use of the strap to be in violation of the Eighth Amendment to the Constitution of the United States. Neither do we consider here whether appellees might have been charged with a crime under some penal statute other than Section 46-158.

This law was enacted in 1893 as Section 62 of Act 76, which was a comprehensive measure providing for the management of the penitentiary. The constitutionality of this section has not been previously tested. It provides as follows:

> "The board [State Penitentiary Board] shall prescribe the mode and extent of punishments to be inflicted on convicts for the violation of the prison rules; and any superintendent, subordinate officer or guard having in his charge any convicts who shall himself, or who shall cause any other

person to inflict on any convict any greater or more severe punishment than is prescribed by said board, said superintendent, subordinate officer or guard shall be deemed guilty of a felony, and on conviction thereof shall be confined in the penitentiary for not less than one (1) nor more than five (5) years; and if death ensues from said punishment, he and his aiders and abettors shall be guilty of murder or manslaughter as the case may be."

This statute has no guidelines. It permits the State Penitentiary Board in its sole discretion to prescribe for its employees the limits of conduct which would constitute a felony. In the absence of an adequate yardstick for the guidance of the board, it could set minimums or extremes of punishment without restraint. The effect of this is to authorize an administrative body to impose criminal liability upon penitentiary employees based upon rules fixed by it. Enactment of penal statutes, always strictly construed, is a function of the legislative branch of our state government.

We hold that Arkansas Statute 46-158 is an unconstitutional delegation of legislative power. *Walden* v. *Hart*, 243 Ark. 650, 420 S.W. 2d 868 (1967).

Affirmed.

HARRIS, C.J., disqualified.

HOLT, J., not participating.